UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY,

    Plaintiff,

v.                                             Case No: 8:22-cv-1613-CEH-SPF

MARIE T RIVES, MIGUEL A.
OLIVELLA, JR. , JOSHUA E.
DOYLE, LINDSEY M GUINAND,
PATRICIA ANN SAVITZ and PETER
R. RAMSBERGER,

    Defendants.
_____

## ORDER

This cause comes before the Court upon the Motion to Stay Discovery filed by Defendants Miguel A. Olivella, Jr., and Marie T. Rives (Doc. 38), and the Motion to Stay Discovery filed by Defendants Joshua E. Doyle and Lindsey M. Guinand (Doc. 39). Upon careful consideration, the Court will grant both motions.

## DISCUSSION

Teresa M. Gaffney brings this action against one group of Defendants who are employees of the Florida Bar ("The Bar Defendants"), and a second group of Defendants who are attorneys in the Florida Attorney General's office. Doc. 1 ¶¶ 5–12. Gaffney brings a claim under 42 U.S.C. § 1983 for Civil Rights Conspiracy in Count I, alleging that Defendants conspired to violate her First Amendment Right to free speech, and a second claim for Civil Rights Conspiracy in Count II, citing to the

Equal Protection Clause. *Id.* ¶ 79–96. The claims are based on a Florida Bar Complaint that was filed against Gaffney. *Id.*

Defendant Rives has filed a Motion to Dismiss in this matter (Doc. 20), as have the Bar Defendants (Doc. 21) and Defendant Olivella (Doc. 26).[1] Defendants argue that the immunity doctrines asserted in their Motions to Dismiss support a stay of discovery, because an order dismissing the case on immunity grounds would dispose of the action entirely. *See* Doc. 20 at 16–22; Doc. 21 at 5–13; Doc. 26 at 13–15. Rives argues that she is entitled to absolute immunity on both counts, because her only alleged role in the conspiracy was discussing the Bar Complaint against Gaffney with Florida Bar staff attorneys. Doc. 20 at 16–17. The Bar Defendants argue that they are entitled to absolute immunity under the Eleventh Amendment, because the Bar, as an arm of the Florida Supreme Court, is immune from Plaintiff's claims. Doc. 21 at 5. Finally, Olivella argues that he is entitled to absolute immunity under the litigation privilege, because the only allegations made against him are that he filed a motion for sanctions against Gaffney and later withdrew it. Doc. 26 at 13–15.

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). The pendency of a motion to dismiss normally will not

---

[1] Defendant Judge Ramsberger and Defendant Savitz have not been served with process, and no summons has issued for Defendant Attorney General Moody.

justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss. And Eleventh Circuit case law, including the Eleventh Circuit's holding in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-VMC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007).[2] However, "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. Thus, "a stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021).

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the

---

[2] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.*

Here, the requested stay is warranted. A preliminary peek at the merits of the Motions to Dismiss demonstrates that there is "an immediate and clear possibility" that the Court will dismiss some or all of Plaintiffs' claims. *Id.* As such, ruling on the Motions to Dismiss may eliminate the need for discovery, or, at a minimum, streamline the discovery process, given the number of litigants involved in this litigation. The Court will thus stay discovery pending a ruling on the Motions to Dismiss.

Accordingly, it is **ORDERED** that the Defendants' Motions to Stay Discovery (Docs. 38, 39) are **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on February 7, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties