## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TERESA M. GAFFNEY**,

Plaintiff,

v.                                          Case No.: 8:22-cv-01613-CEH-SPF


**MARIE T. RIVES**, Assistant
Attorney General in her and
individual capacity, et. al.,

Defendants.

_____/

## <u>AMENDED OPPOSED SUPPLEMENTAL MOTION FOR RULE 11 SANCTIONS (WITH CONFERRAL CERTIFICATION)</u>

Defendant, **MARIE T. RIVES (RIVES),** hereby files this Amended Opposed Supplemental Motion for Rule 11 Sanctions[1] requesting the imposition of additional sanctions against Plaintiff, above and beyond those previously requested in RIVES' May 2, 2023 Motion for Sanctions (ECF 71)[2].

## <u>I.</u>
## <u>OVERVIEW</u>

On June 7, 2023, Plaintiff filed a Motion captioned as an "Opposed Motion

---

[1] The initial Opposed Supplemental Motion for Rule 11 Sanctions inadvertently omitted the Local Rule conferral certification which has been included in this amended version.

[2] Undersigned counsel also has a pending Motion for Rule 11 Sanctions against Plaintiff, like that of RIVES' motion. *See* ECF 56.

for Sanctions for Contumacious Conduct of Attorney Miguel Olivella, Office of the Attorney General State of Florida" (ECF 86, hereinafter "MOTION"). In the prayer for relief, Plaintiff requests that the Court: 1) strike any and all pleadings filed on behalf of undersigned counsel; 2) strike all pleadings filed by undersigned counsel; 3) enter a default judgment against Defendant RIVES; 4) proceed on damages against RIVES; 5) enter an award of sanctions against undersigned counsel for his "egregious and contumacious treatment of the Plaintiff"; 6) enter a protective order against undersigned counsel to safeguard Plaintiff; 7) remove undersigned counsel from this case; and 8) refer "potential violations" of "HB 269" by undersigned counsel to the "appropriate agency" for investigation.

RIVES currently has a pending Motion for Sanctions against Plaintiff in which she has requested, among other sanctions, that the Court declare Plaintiff to be a vexatious litigant due to her prolific history of filing frivolous, unsuccessful civil litigation (ECF 71). Undersigned counsel likewise has a similar pending Motion for Sanctions against Plaintiff (ECF 56).

This Motion and the requested imposition of additional sanctions on Plaintiff is being pursued due to Plaintiff's recent filing of the MOTION, one that violates Fed. R. Civ. P. 11 for any or all of the following reasons: 1) It constitutes a written motion filed by Plaintiff that has been presented for improper purpose, to wit: to harass; 2) It sets forth frivolous, baseless allegations that have been

fabricated, are known by Plaintiff to be false, and are absent any evidentiary support; 3) It fails to assert any recognizable mechanism or applicable authority that would provide a vehicle for Plaintiff to secure the sanctions she requests; 4) It does not comport with the requirements of Fed. R. Civ. P. 11(c)(2)[3]; 5) It fails to allege or substantiate any conduct that violates Fed. R. Civ. P. 11(b); and 6) It fails to comply with Local Rule 3.01 (g)[4].

Plaintiff's MOTION is a twenty-three (23) page disorganized narrative pretending to support a request for sanctions against undersigned counsel and RIVES. The allegations and factual assertions are fabricated, irrelevant, and lack any truth or corroboration, but then making unsubstantiated[5] scandalous

---

[3] At no time has Plaintiff exhausted the safe harbor requirements of Fed. R. Civ. P. 11(c)(2) and thus is not permitted to file the Motion or seek sanctions.

[4] The Rule required Plaintiff to confer with opposing counsel prior to filing the MOTION in good faith to discuss the matters to be alleged and try to resolve the situation. Plaintiff failed to do so.

[5] See, e.g., ECF 37-1 at p. 27 (Plaintiff offered "self-serving statements and personal [subjective] affidavits" consisting of nothing but Plaintiff's opinions in support of accusations "for which she had no objective evidence to support and with reckless disregard as to the truth or falsity of the statements."); ECF 37-1 at p. 28 ("Ms. Gaffney impugned the integrity of Judge Huey by making repeated subjective statements that were made with reckless disregard for the truth or falsity."); ECF 37-1 at p. 30 (in making accusations impugning the integrity of Thirteenth Judicial Circuit Judge Paul Huey, Judge Rex Barbas, and Judge Caroline Tesche-Arkin, Plaintiff's accusations were based upon statements that, "cannot be determined to be objectively reasonable because they have been continuously reviewed and denied by the successor judges and the Second District Court of Appeals. There is no objective evidence to support the egregious accusations made by Ms. Gaffney….").

accusations against judges, attorneys, and parties[6] is a tactic that Plaintiff has routinely employed during a fruitless decade-long effort to contest her late father's testamentary wishes[7].

In filing the MOTION, however, Plaintiff has transcended the bounds of decorum and propriety. She has invented accusations against undersigned counsel, to wit: making abhorrent, belittling remarks as to her and her deceased husband[8]; engaging in demeaning misogynistic conduct[9]; committing hate

---

[6] As documented by judicial findings of fact, and among the many reprehensible accusations Plaintiff has made, she: 1) made "…inflammatory, personal horrendous accusations…." against the Honorable Judge Paul Huey (ECF 37-1 at p. 12, 13); 2) accused Judge Huey of stalking her, filing false statements, and presenting a threat to her personally (ECF 37-1, p. 27); 3) accused the Honorable Judge Rex Barbas as having, "endorsed the conduct of a judicial sexual predator….", of making "misogynistic" comments, and of harboring an animus towards women (ECF 37-1, p. 20, 23-25); 4) disparaged and impugned the integrity of the Honorable Judge Caroline Tesche-Arkin (ECF 37-1, p. 25); 5) attacked the integrity of Michael R. Kangas, Esq. (e.g., ECF 86 ¶¶ 86; 6) attacked the integrity of Court appointed Administrator Ad Litem Phillip A. Baumann by claiming that he, "…orchestrated the theft of an estimated $1 Million" absent validity (ECF 86 ¶ 31) and that he suffers from dementia "upon information and belief" absent a shred of evidence (ECF 86 ¶¶ 43, 83, 84, 85, 87); and 7) accused the Florida Bar of "fabricating evidence" (ECF 86 ¶ 21) when in fact there has been judicial recognition that the allegations made by the Florida Bar in seeking to disbar Plaintiff are all well documented and factually supported by overwhelming, competent evidence (ECF 37-1).

[7] "Litigation surrounding a property belonging to the Estate of John J. Gaffney has been ongoing for ten years. For ten years, Ms. Gaffney has been filing lawsuit after lawsuit and appeal after appeal, trying to regain the property. Her conduct related to same has been unprofessional, deceitful, and meritless. Ms. Gaffney engages in the same pattern of unprofessional behavior in all cases she is involved in concerning the property at issue." (ECF 37-1 at p. 77).

[8] *See, e.g.,* ECF 86 ¶¶ 2, 3, 6, 16, 17, 19, 69, 89, 90, and 109.

[9] *See, e.g.,* ECF 86 ¶¶ 44, 57, 58, 65, 69, 70, 82, 100, 101, and 108.

crimes[10]; and threatening her person[11]. These accusations are so spurious as to make them unworthy of denials that might be construed as conferring credence to them. Nevertheless, undersigned counsel directly and vehemently denies every single accusation Plaintiff has made, including but not limited to the notion that any time material hereto, or in any dealings with Plaintiff, he has ever treated Plaintiff with disrespect or made any remarks that were rude, disparaging, insulting, harassing, threatening, or improperly directed to or at Plaintiff, her family, or otherwise.

Aside from the dearth of any truth to the accusations made, the alleged conduct that predicates Plaintiff's MOTION fails to involve any Rule 11 sanctionable conduct. Fabricated as the allegations are, they allude to matters outside the scope of the Rule, to wit: 1) conduct that supposedly occurred in other cases[12]; 2) comments supposedly made or conduct that supposedly occurred outside of any pleadings, written motions, or other papers signed, filed, submitted, or later advocated by undersigned counsel in the case at hand[13]; 3) claims and facts that have been previously litigated by Plaintiff and

---

[10] *See, e.g.,* ECF 86 ¶¶ 17, 18, and 110.
[11] *See, e.g.,* ECF 86 ¶¶ 44, 57, 58, 65, 69, 70, 82, 100, 101, and 108.
[12] See, e.g., ECF 86 ¶¶ 4-5, 62-78.
[13] See, e.g., ECF 86 ¶¶ 2-4, 13, 16, 17, 19, 22-24, 28, 44-47, 49-58, 62-78.

rejected by judicial authorities[14]; 4) conduct of other attorneys or parties[15]; and/or 5) wholly irrelevant matters[16].

As for the disparaging remarks purportedly made by undersigned counsel to Plaintiff, about her, or about her family[17], the alleged statements are complete fabrications, typical of Plaintiff's litigation playbook. The only instance in which Plaintiff provides documentation as to what or how undersigned counsel communicated to or with Plaintiff establishes that there was nothing unprofessional, disrespectful, nor inappropriate as to what was said or how it was said by undersigned counsel (*See* ECF 86 ¶¶ 50, 52, and 56).

<u>**II.**</u>
**<u>FACTORS FOR THE COURT TO CONSIDER</u>**
**<u>IN ASSESSING WHETHER TO IMPOSE</u>**
**<u>ADDITIONAL SANCTIONS AGAINST PLAINTIFF</u>**

**A.**
**PLAINTIFF'S FRIVOLOUS CLAIMS**
**AGAINST UNDERSIGNED COUNSEL**

In weighing whether to impose sanctions upon Plaintiff, the Court should first consider that in the case at hand Plaintiff originally sued undersigned

---

[14] See, e.g., ECF 86 ¶¶ 26-29, 34-40.
[15] See, e.g., ECF 86 ¶¶ 30-32; 42, 48, 60, 61.
[16] See, e.g., ECF 86 ¶¶ 6-12, 14, 18, 20-25, 43, 46, 59, 83-87, 88, 93-98.
[17] See, e.g., ECF 86 ¶¶ 2, 3 (undersigned allegedly disparaged the ethnicity of Plaintiff's husband); ECF 86 ¶ 17 (undersigned allegedly made "vile and disparaging remarks" about Plaintiff's Jewish heritage); and ECF 86 ¶ 89 (undersigned allegedly mocked the ethnicity of Plaintiff's husband).

counsel[18] for supposedly engaging in an Orwellian conspiracy against her, "… for unlawful retaliation that violates the Plaintiff's First Amendment right to free speech, Fourteenth Amendment right to equal protection of the laws and Fourteenth Amendment right to Due Process…." intended to "…deny Plaintiff her constitutional rights mentioned above and…to deny Plaintiff her Fourteenth Amendment right to due process of law and her right to have her complaint filed by The Florida Bar, decided by a fair, impartial and unbiased trier of fact and further the right of a woman, Plaintiff, Teresa M. Gaffney, to be free from a judge's sexual harassment."(ECF 1 ¶¶ 1, 2). Filing frivolous suits is a practice that Plaintiff has often employed in the past[19] and the claims she made against undersigned counsel were no exception. Immediately after being served with a Motion for Rule 11 Sanctions for filing these spurious claims, Plaintiff dismissed them and undersigned counsel with prejudice from this suit (ECF 57), an admission that the claims were patently frivolous.

**B.**
**PLAINTIFF'S LACK OF CREDIBILITY**

---

[18] As an aside, Plaintiff has also sued Attorney General Ashley Moody and Joshua E. Doyle, Executive Director of the Florida Bar while failing to make any allegations as to any conduct on their part that would give rise to a claim against them. Additionally, Plaintiff has failed to serve Moody, Peter R. Ramsberger, and Patricia Ann Savitz with process despite this matter having been filed almost a year ago.

[19] *See,* ECF 37-1 at p. 74 ("Ms. Gaffney intentionally brought actions she knew or should have known were frivolous and without merit….").

The Court should next consider Plaintiff's lack of credibility when assessing whether to impose additional sanctions on her for having filed the MOTION. Plaintiff has a pervasive, judicially documented history of deceit that renders any allegations she makes unworthy of belief. In prior litigation, she knowingly made allegations that were judicially determined to be false[20]; she knowingly provided false factual information to her attorneys[21]; she intentionally fabricated evidence[22]; and she intentionally destroyed evidence to conceal her intentional fabrication of evidence[23].

More recently, Plaintiff repeatedly perpetrated a fraud on this Court by using her deceased husband's ECF filing privileges on numerous occasions to file materials despite not being a member of this Court's Bar and with full knowledge that she was not permitted to electronically file documents with the Court as a *pro se* litigant[24]. Plaintiff continued to do so until this Court struck her fourth attempt

---

[20] *Teresa G. Sussman f/k/a Teresa Gaffney v. Salem Saxon & Nielsen P.A.*, Case No. 8:91-cv-776 (M.D. Fla.).

[21] *Id.*

[22] *In re Sussman*, 2019 WL 2402997 at *3, *12.

[23] *Id.*, at *12.

[24] Plaintiff used her deceased husband's Middle District of Florida's ECF filing access/privileges on at least three (3) occasions in *Gaffney v. Ficarrota*, Case No. 8:21-cv-000021 (M.D. FL). *See, Id.*, ECF 64, 66, and 68. Plaintiff also knowingly filed documents in the case at hand, personally or on her behalf, using her deceased husband's ECF filing access/privileges, on at least four (4) occasions, filing three Responses and a Motion. *See* ECF 41 (January 3, 2023), ECF 42 (January 3, 2023), ECF 46 (January 8, 2023), and ECF 54 (March 12, 2023).

to fraudulently file a document in the instant case and threatened her with

sanctions if she persisted in the conduct:

> "This cause is before the Court *sua sponte*. **_Plaintiff, a_**
> **_Florida attorney proceeding pro se, has filed various_**
> **_documents in this action using the CM/ECF account of a_**
> **_deceased attorney_**, Dov Sussman. (Docs. 41, 42, 46, 54).
> According to Plaintiff's previous filings (Docs. 27, 28, 33),
> Mr. Sussman died on December 1, 2021- more than seven
> months before this action was filed…Neither Plaintiff
> nor Mr. Sussman are active members of the Middle
> District bar…Considering the foregoing, it is hereby
> ORDERED: (1) Plaintiff's Opposed Motion to Take the
> Deposition of Defendant Lindsey Guinand (Doc. 54),
> improperly filed through Attorney Dov Sussman's
> CM/ECF account, is STRICKEN…(3) **_Plaintiff,_**
> **_individually, is denied E-filer access and barred from_**
> **_electronically filing any document in this case, including_**
> **_through the use of an attorney's CM/ECF account. (4)_**
> **_Any future electronic filings by Plaintiff may result in a_**
> **_finding of contempt, a referral for disciplinary action,_**
> **_and/or appropriate sanctions._**
>
> ECF 55 at pp. 1, 2
> (Emphasis added)

## C.
## PLAINTIFF'S HISTORY OF FALSE ACCUSATIONS

In addition to the foregoing, the Court should also consider that Plaintiff has

a well-documented history of making spurious, unfounded, scandalous

accusations against judges[25], opposing counsel, and parties, none of which were

---

[25] During Ms. Gaffney's recent Florida Bar disciplinary proceedings, the Referee
found that, "Ms. Gaffney authored and signed under oath many affidavits, which she
later filed with many courts, making impugning and disparaging remarks about the

9

ever substantiated, and which were found to have been made, "…with reckless disregard as to the truth or falsity of the statements"[26]. The following are but two examples.

**a) Judge Paul Huey -** Plaintiff accused the Honorable Judge Paul Huey of stalking her, filing false statements, and presenting a threat to her personally:

> "One business day after the court issued its sanctions ruling against Ms. Gaffney, _**she submitted an unsworn affidavit to the court asserting inflammatory, personal, horrendous, accusations against the presiding judge, the Honorable Paul Huey**_…Those statements include, but are not limited to…'It appears that Judge Paul Huey uses his position as Judge to coerce or threaten harm if one does not agree to sexual favors'…'_**In my opinion Judge Paul Huey, in his capacity as a judge, is stalking me**_ and filing false statements, under the guise of a judicial order, as a judge, because I refused his sexual advances'… '_**In my opinion Judge Paul Huey is a danger to me personally**_ and poses a grave threat to the public at large'."
>
> ECF 37-1, p. 12, 13, 27
> (Emphasis added).

These accusations were judicially rejected for lack of credible support:

> "Ms. Gaffney has continued to use the court system and her license to practice law to publicly attack Judge Huey in many different forums, including this bar proceeding … _**Ms. Gaffney failed to establish that she had any objectively reasonable basis for making each and every statement she made about the court. Ms. Gaffney's self-serving statements and personal affidavits are subjective and therefore insufficient evidence to meet her burden.**_ The subjective nature of Ms. Gaffney's statements are evidenced by Ms. Gaffney's April 25, 2016 unsworn affidavit, wherein _**she**_

---

judiciary…for her own personal benefit and to the detriment of the legal system." (ECF 37-1 at pp. 74, 75).

[26] ECF 37-1 at p. 27.

*repeatedly makes allegations in the form of "her opinion."*…***Ms. Gaffney made statements for which she had no objective evidence to support and with reckless disregard as to the truth or falsity of the statements.***

ECF 37-1, p. 22, 27
(Emphasis added).

**b) Michael R. Kangas, Esq. -** In *In re: Teresa Gaffney*, Case No. 8:22-bk-690 (Bankr. M.D. Fla. 2023), Plaintiff filed a Motion for Protective Order and accused Michael R. Kangas, Esq., her opposing counsel in various other cases, of engaging in physically threatening conduct directed at Plaintiff and her daughter[27] and that Plaintiff and her family allegedly "live in 'terror' because of the conduct of Kangas". *Id.*, at ECF 55 at p. 3. Plaintiff's accusations revolved around what she contended had occurred in another court proceeding in which Plaintiff claimed the Court had found that Mr. Kangas had physically threatened Plaintiff and her family.

To defend against the allegations, Mr. Kangas filed a Motion to Strike Defamatory Statements and attached a copy of the transcript from the proceeding

---

[27] According to Plaintiff, Kangas allegedly "… hired or retained Gunther Sanabria to follow and to assault Debtor's daughter, Sarah K. Sussman and subsequently break into where Ms. Sussman was staying…Prior to the assault of Ms. Sussman, Kangas in a deposition of Ms. Sussman demanded to know exactly where Ms. Sussman slept every night. The assault and break in of her room occurred after that information was provided to Kangas… Debtor's husband had been warned about the threat that Kangas posed approximately one month prior to the assault on Ms. Sussman…Kangas engaged or retained Steven Howard to stalk, to follow and to film Debtor and her family. Howard made vulgar comments to Debtor and her family while stalking, following and filming them on the behest of Kangas." *In re: Teresa Gaffney*, Case No. 8:22-bk-690 (Bankr. M.D. Fla. 2023).

which effectively refuted Plaintiff's misrepresentations as to what had occurred (*Id.,* at ECF 72, 72-1).   The transcript verified that Plaintiff had grossly misrepresented what had transpired, and further, that the Court had found that there was absolutely no basis to believe the accusations made against Mr. Kangas:

> "From what you say, ***I could not cite any action that Mr.
> Kangas has participated in that would support the
> finding that he is likely to harm you*** in any illegal way...***I
> don't have any basis to think that this Defendant poses
> any threat of illegal assault or threats to you*** here in the
> District of Columbia...So I'm hard-put to find that a
> temporary restraining order is necessary or appropriate
> in this case because, one, based on what you have
> testified to and told me under oath, ***I have no basis to
> conclude that Mr. Kangas poses any threat to you of
> irreparable harm...there is no evidence that he [Kangas]
> poses any threat ... whatsoever.*** "

> *Id.,* ECF 72-1 at pp. 22-24
> (Emphasis added)

The Court went on to summarily dismiss Plaintiff's request for a protective order with prejudice.

## D.
## PLAINTIFF'S OTHER DISREPUTBLE CONDUCT

Finally, the Court should consider Plaintiff's many other acts of disrepute and other conduct that completely erodes Plaintiff's credibility. Plaintiff has been sanctioned by this Court for knowingly fabricating allegations[28] and has been

---

[28] *Sussman v. Salem Saxon & Nielsen P.A.*, 818 F.Supp. 1510, 1517-18 (M.D. Fla. 1993).

fined by this Court for ignoring its Orders[29]. Plaintiff has also been sanctioned for repeatedly ignoring the direct Orders of another Court[30].

In addition, Plaintiff preyed on her elderly father, exploited him for pecuniary gain, and then fraudulently attempted to transfer title to her deceased father's home to her daughter[31]. She engaged in the, "…continued, willful, and deliberate contempt" of a Court and was sanctioned for that conduct as well[32]. She has also been sanctioned by the United States Bankruptcy Court (M.D. FL) and barred from filing for bankruptcy for five (5) years for her egregious conduct and abuse of the bankruptcy proceedings[33].

In a final exclamation point resulting from Plaintiff's many years of deceit, fraud, fabrication of evidence, sanctions, disrespect for the judiciary and opposing counsel, willfully and recklessly asserting unsubstantiated scandalous allegations, and disregarding a plethora of judicial orders, Plaintiff stands on the brink of disbarment from the practice of law for what the Bar Referee found to be, "the most egregious continuing pattern of attorney misconduct I've ever heard of." (ECF 37-1 at p. 97). A more detailed account of what led to this conclusion[34] can be

---

[29] *Sussman v. Salem Saxon & Nielsen P.A.*, 154 F.R.D. 294, 301 (M.D. Fla. 1994).

[30] ECF 52-3, p. 13.

[31] ECF 52-8, p.3; ECF 52-7.

[32] ECF 37-7, p. 3.

[33] *See*, *In re: Teresa Gaffney*, Case No. 8:22-bk-690 (United States Bankruptcy Court, Middle District of Florida) at ECF 147 and 169 therein.

[34] The Referee provides example after example of Plaintiff: 1) "…[A]sserting a

found in the Referee's Report in which the Referee recommended Plaintiff's immediate disbarment from the practice of law (ECF 37-1).

**III.**
**LEGAL AUTHORITIES**

Rule 11 sanctions may be imposed against an attorney or a party who

---

position which was frivolous and made in bad faith (*Id.*, at p. 33); 2) "…[M]isconduct that can only be viewed as contrary to honesty (*Id.*, at p. 36); 3) "Ms. Gaffney's attempts to go around the Final Judgment and writ of possession issued in Case No. 14-CA-3762 by filing a bankruptcy petition for her daughter, claiming her daughter possessed the Clark Street property was false and dishonest (*Id.*, at p. 44); 4) Admitting to having instructed her daughter to destroy evidence, which is "…by definition contrary to honesty" (*Id.*, at pp. 46, 47); 5) "Ms. Gaffney's appearance in the case and argument in opposition of the transfer to Tampa evidences her intent to deceive the court in Case No. 19-CA-2729…Ms. Gaffney's active participation regarding the division assignment of Case No. 19-CA-2729 was knowingly and intentionally deceitful." (*Id.*, at pp. 59, 60); 6) [M]aking a "…false statement that is directly contradicted by Case No. 14- CA-3762, the rulings in the Court of Appeals in the same case, the July 2019 Order from the 19-CA-2729 case, as well as by Mr. Kangas' testimony in this bar proceeding." (*Id.*, at p. 61); 7) "Thus, the statement to the court in the 19-CA-2729 complaint, para 73, that the same parties are not involved is a misrepresentation that Ms. Gaffney to date has not corrected." (*Id.*, at p. 62); 8) "Stating the final judgment was entered unlawfully on page 11 of the 19-CA-2729 complaint is a false representation to the court that Ms. Gaffney to date has not corrected." (*Id.*, at pp. 62, 63); 9) [A] "Motion for Relief from Judgment, filed October 27, 2020 [in Case No. 19-CA-2729] …contains four misrepresentations: page 3, paragraph 6; page 4, paragraph 11; page 8, paragraph 25; and page 25, the Wherefore clause." (*Id.*, at p. 63); 10) "Ms. Gaffney engaged in conduct that was intended to deceive the bankruptcy court when she filed a petition for bankruptcy on behalf of her daughter with the purpose of improperly staying the writ of possession in the 14-CA-3762 case." (*Id.*, at p. 71); 11) Ms. Gaffney claims she owns an interest in the Clark Avenue property. More specifically, she claims she owns the entire amount of the property, $556,000.00, and that the property is her homestead. It is unfathomable how Ms. Gaffney can assert such a dishonest, misrepresentative, patently false statement to another court. (*Id.*, at p. 76); and 12) "For ten years, Ms. Gaffney has been filing lawsuit after lawsuit and appeal after appeal, trying to regain the property. Her conduct related to same has been unprofessional, deceitful, and meritless." (*Id.*, at p. 77).

files a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose. *Thomas v. Evans,* 880 F.2d 1235, 1239 (11th Cir.1989); *Anderson v. Smithfield Foods, Inc.,* 353 F.3d 912, 915 (11th Cir.2003). The underlying premise for such sanctions is to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Id.* Rule 11 sanctions may be imposed on "the attorney, the party the signing attorney represents, or both, or on an unrepresented party who signed the pleading" and the person must have either signed, filed, submitted, or later advocated a pleading, written motion, or other paper that violates Rule 11. *Kaplan v. Burrows*, 2011 WL 5358180 (MD FL September 6, 2011).

The Rule contains an explicit notice provision, better known as the "safe harbor" requirement, to wit: that prior to filing a motion for Rule 11 sanctions, the filer must first serve written notice of the impending filing, allow the opposing party to "withdraw or otherwise correct" the offending paper, and may not file the motion until after the expiration of twenty-one days. Fed. R. Civ. P. 11(c)(2). This "safe harbor" provision is strictly construed and enforced. *See Radcliffe v. Rainbow Const. Co.,* 254 F.3d 772, 788–

89 (9th Cir.2001). The imposition of sanctions must not be considered when there has been a failure to comply with the provision. *Barber v. Miller,* 146 F.3d 707, 710–11 (9th Cir.1998).

Further as to Rule 11 sanctions, this Court has refused to tolerate accusations of fraud or other untoward, unsubstantiated, abusive, offensive, or baseless attacks made in court documents against another member of the bar. For example, in *Williams v. Florida Health Sciences Center, Inc.*[35], 2007 WL 641328 (M.D. FL February 26, 2007), this Court was confronted with an attorney who accused opposing counsel of fraud and fraudulent conduct repeatedly throughout the course of the litigation without any evidentiary support[36] *Id.,* at *3. Expressing its abject disapproval of such conduct, the Honorable Elizabeth A. Jenkins sanctioned the offending counsel the abusive, offensive, and baseless attacks, writing:

> "Furthermore, Rule 11 was also violated due to Tindall's bald accusations of fraud against opposing counsel. An accusation of fraudulent conduct against

---

[35] *Williams* bears another similarity to the case at hand as it involved what the Court eventually concluded was a thinly veiled effort by the Plaintiff to relitigate issues, facts, and claims that had been previously unsuccessfully litigated and were clearly res judicata. *Id.,* at *4. Having attempted to do so, the Court *sua sponte* sanctioned Plaintiff pursuant to its Rule 11 authority. *Id.,* at *5.

[36] In *Williams,* the accusations were deemed "bald accusations" that were "wholly unsubstantiated" and "without evidentiary support". *Id.,* at *3.

another member of the bar is a serious charge; in this instance, it is wholly unsubstantiated. *__The court cannot condone ad hominem attacks against counsel that are abusive, offensive, and baseless.__* See *Thomas v. Tenneco Packaging* Co., Inc., 293 F.3d 1306, 1320-22 (11th Cir.2002) (finding of bad faith warranted where attorney included patently offensive remarks directed to opposing counsel in court filings); *Coats v. Pierre,* 890 F.2d 728, 734 (5th Cir.1989), cert. *denied,* 498 U.S. 821 (1990) (abusive language toward opposing counsel in court documents constitutes a form of harassment prohibited by Rule 11); *accord Redd v. Fisher Controls,* 147 F.R.D. 128, 132-33 (W.D.Tex.1993). *__Rule 11 sanctions against Tindall for the accusations of fraud against opposing counsel are particularly appropriate in this instance. Tindall has been liberal in accusing Defendant of fraud throughout this entire action; the motion for rehearing liberally sprinkles accusations of fraudulent conduct against defense counsel.__* In his response, Plaintiff asserts, without evidentiary support, that his strong language in the motion was "born out of the frustration ... at having had review on the merits of Plaintiff's claims ... repeatedly denied" and meant no disrespect to the court (Dkt. 108 at 20). *__Launching allegations of fraud against opposing counsel without reasonable inquiry as to their truth is unprofessional and unethical behavior, not to mention offensive and damaging to reputable attorneys. As one court stated, "[l]awyers cannot ... be allowed to make such abusive remarks against opposing counsel and expect to be able to say 'so sorry, I didn't really mean it' and not face sanctions."__* *Redd,* 147 F.R.D. at 133."

Id., at *3

(Emphasis added)

17

*See also*, *Apel v. McCool*, 2007 WL 2728370 *1 (N.D. Fla. 2007), (Plaintiff does not have a license to include contemptuous and abusive language in written filings and federal courts are empowered to impose a wide range of sanctions for offensive or disrespectful conduct).

## IV.
## DISCUSSION

Undersigned counsel has been a practicing member of the Florida Bar for forty-five (45) years and enjoys an impeccable record of professionalism as evidenced by his twenty-five (25) year Preeminent AV Martindale-Hubbell rating, the absence of a single Florida Bar disciplinary proceeding, and the absence of any court-imposed sanctions despite having handled numerous high-profile cases throughout the United States. When addressing this motion, it is respectfully requested that the Court balance undersigned counsel's record with Plaintiff's documented history. In the end, she should be sanctioned for any or all of the following reasons.

### A.
### FILING A MOTION THAT LACKS ANY VIABLE
### MECHANISM FOR THE REQUESTED RELIEF

While undersigned counsel has assumed that Plaintiff's MOTION was brought pursuant to Rule 11, this assumption should not be made. Since Plaintiff's MOTION fails to identify the mechanism that serves as a basis for seeking

sanctions, the MOTION is frivolous, filed solely for purposes of harassment.

**B.**
**FAILING TO COMPLY WITH RULE 11(c)(2)**

Plaintiff is subject to sanctions for failure to comply with Fed. R. Civ. P. 11(c)(2), to wit: the "safe harbor" requirement. This requirement is not only strictly construed but also strictly enforced. *Radcliffe v. Rainbow Const. Co.,* 254 F.3d 772, 788–89 (9th Cir.2001); *Barber v. Miller,* 146 F.3d 707, 710–11 (9th Cir.1998). In the case at hand, at no time prior to the filing of the MOTION did Plaintiff serve undersigned counsel with the requisite written notice required by the Rule, a condition precedent to pursuing sanctions. Accordingly, the MOTION is null, void, filed in bad faith, and filed solely for purposes of harassment.

**C.**
**FILING A FACIALLY INVALID MOTION**

Rule 11 sanctions are reserved for instances where an attorney or party signs, files, or submits a pleading, written motion, or other paper that violates Rule 11. *Kaplan v. Burrows*, 2011 WL 5358180 (MD FL September 6, 2011). The sanctionable conduct must also take place in the case before the Court. *See* Fed. R. Civ. P. 11. Herein, none of the acts or conduct that supposedly occurred upon which Plaintiff based her MOTION occurred within a pleading, motion, or written paper filed by undersigned counsel in this matter. For this

reason, the MOTION is frivolous, it is facially invalid, it lacks any legal basis, and the mere act of filing it subjects Plaintiff to Rule 11 sanctions.

## D.
### LEVELING PERSONAL ATTACKS AGAINST OPPOSING COUNSEL WITHOUT EVIDENTIARY SUPPORT

Plaintiff's MOTION contains only one innocuous instance of alleged conduct on undersigned counsel's part that has documentary support. This instance involves an email exchange between undersigned counsel and Plaintiff[37] that consists of entirely professional communications by undersigned counsel (ECF 86 ¶¶ 50, 52, 54, and 56).

Other than this one isolated instance of "corroboration" as to what has transpired between undersigned counsel and Plaintiff, every other comment or act that Plaintiff attempts to attribute to undersigned counsel is based exclusively on Plaintiff's self-serving, fabricated representation that they occurred. Not one instance, comment, or act is supported by a scintilla of evidence, record citation, documentation, or any other form of corroboration despite Plaintiff making vile, offensive accusations against undersigned counsel. The absence of any evidentiary support for the allegations made is grounds for sanctions against

---

[37] As an aside, it was clearly not a filing, motion, pleading, or paper signed by undersigned counsel in the case at hand.

Plaintiff. *See,* e.g., *Doe v. Exxon Mobile Corp.,* 2021 WL 1910892 at *6 (D. DC May 12, 2021).

*Doe* also stands for the proposition that not only does the absence of corroboration for allegations support the denial of a motion for sanctions, but the failure to provide evidentiary support for scandalous accusations made against opposing counsel is, in and of itself, grounds for the imposition of Rule 11 sanctions against the movant. In *Doe*, counsel sought sanctions and alleged in a court filing that opposing counsel was "agitated, disrespectful, and unhinged" during a deposition. *Id.,* at *1. Because the Court found that there was no record evidence to support the allegations, it determined that counsel's motion violated Rule 11(b)(3) and entered a show cause order as to why sanctions should not be imposed for the conduct. After reviewing the responses, the Court ruled that Rule 11 sanctions were appropriate due to the impugnment of opposing counsel's character without any evidentiary support.

Applying *Doe* to the situation at hand, Plaintiff has made repulsive allegations impugning undersigned counsel's integrity in her MOTION (a Court filing) that are fabricated, were made in bad faith, and lack any semblance of corroboration. Among the many fabricated, reprehensible personal attacks,

Plaintiff has expressly accused undersigned counsel of making anti-Semitic remarks, engaging in misogynistic conduct, committing hate crimes, and threatening Plaintiff's person. These baseless accusations far exceed the threshold set forth by *Doe*, they are inexcusable, and they are grounds for Rule 11 sanctions against Plaintiff.

## E.
## FAILING TO CONFER IN GOOD FAITH

Middle District Local Rule 3.01 (g) requires counsel to confer prior to filing a motion and address the matters to be set forth in the motion. Plaintiff failed to confer with undersigned counsel in good faith before filing the MOTION as evidenced by Paragraphs 55, 56, and page 23 of her MOTION. Having failed to confer in good faith as required by the Local Rules, Plaintiff filed a MOTION that subjects her to sanctions.

## F.
## FILING A MOTION WITHOUT ANY
## BASIS FOR THE RELIEF REQUESTED

Plaintiff's MOTION demands relief that is not permitted under any circumstances, and certainly not based upon her MOTION. As set forth at the onset of this MOTION, Plaintiff's prayer for relief requests that the Court: 1) strike any and all pleadings filed on behalf of undersigned counsel; 2) strike all pleadings filed by undersigned counsel; 3) enter a default judgment against Defendant

RIVES; 4) proceed on damages against RIVES; 5) enter an award of sanctions against undersigned counsel for his "egregious and contumacious treatment of the Plaintiff"; 6) enter a protective order against undersigned counsel to "safeguard" Plaintiff; 7) remove undersigned counsel from this case; and 8) refer "potential violations" of "HB 269" to the "appropriate agency" for investigation.

As the court's docket clearly establishes, undersigned counsel has yet to file any "pleadings" in this case nor have any been filed on his behalf. Thus, there is nothing for this Court to strike.

The requests for a default against Defendant Rives and for Plaintiff to be allowed to proceed against her for damages is something that no Court would order except under the most egregious of circumstances, none of which exist herein even if everything Plaintiff alleges was supported by evidence.

There is no basis whatsoever, and under no circumstances has Plaintiff sufficiently pleaded any justifiable reason, for the Court to sanction undersigned counsel or to "enter a protective order" to safeguard the Plaintiff.

Furthermore, absent any authority or a remotely cogent reason, there is no basis for Plaintiff to demand undersigned counsel's removal as counsel for RIVES.

Finally, there is no basis for this Court to refer fictional, fabricated "violations" of "HB 269" to any authority or agency "for investigation", nor is "HB 269" even applicable to the fabricated conduct alleged by Plaintiff.

23

## V.
## CONCLUSION

Undersigned counsel takes great offense by the baseless, insulting personal attacks levied by Plaintiff against him in her MOTION. Aside from the reality that everything contained in the MOTION has been fabricated, the accusations made in the MOTION cross a line which this Court must not allow to be crossed. The Court should sanction Plaintiff for her untoward, unnecessary, repugnant impugnment of undersigned counsel's character and good standing as a practicing attorney, as well as for the false accusations that she has made against him as a means of making it clear to her that such conduct will not be tolerated in this case, or any other case, in which Plaintiff is a litigant or an attorney.

### LOCAL RULE 3.01(G) CERTIFICATION

Undersigned counsel for Rives certifies that counsel conferred with Plaintiff Teresa Gaffney via electronic mail about this motion and she advised that she opposes it. The undersigned also conferred separately by telephone with Kevin Cox, counsel for Defendants Doyle and Guinand regarding this motion, and Mr. Cox does not take any position on this motion.  Thus, the parties were unable to resolve this motion, and Plaintiff opposes this motion.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

24

*/s/ Miguel A. Olivella, Jr.*
MIGUEL A. OLIVELLA, JR.
Special Counsel
Fla. Bar No.: 253723
Miguel.olivella@myfloridalegal.com
Office of the Attorney General
Civil Litigation
The Capitol - PL 01
Tallahassee, FL 32399-1050
Telephone: (850) 414-3817
Counsel for Defendant RIVES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, I electronically filed this document and

copies will be served on Plaintiff/counsel via email and the ePortal system.

*/s/ Miguel A. Olivella, Jr.*
Counsel for RIVES