UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY,

    Plaintiff,

v.                                          Case No: 8:22-cv-1613-CEH-SPF

MARIE T RIVES, JOSHUA E.
DOYLE, LINDSEY M GUINAND,
PATRICIA ANN SAVITZ and PETER
R. RAMSBERGER,

    Defendants.

## ORDER

This matter comes before the Court on Defendant Marie T. Rives' Amended Opposed Motion for Judicial Notice and Incorporated Memorandum of Law (Doc. 37) and her Second Motion for Judicial Notice and Incorporated Memorandum of Law (Doc. 52).[1] In the motions, Defendant requests that the Court take judicial notice of orders and docket entries in several cases in which Plaintiff Teresa M. Gaffney was a party, stating that these documents are expected to be referenced in other filings in the instant case. *See* Docs. 37, 52. Defendant indicates that Gaffney opposes both motions (Doc. 37 at 5, Doc. 52 at 5), but no response in opposition was filed by

---

[1] Both motions were filed by Rives and Miguel A. Olivella, Jr. However, on March 28, 2023, Plaintiff filed a notice of voluntary dismissal of all her claims against Olivella, with prejudice, pursuant to which the Court entered an Order terminating Olivella as a party to this case. Docs. 57, 58.

Gaffney. The Court, having considered the motions and being fully advised in the premises, will grant both Motions for Judicial Notice.

## DISCUSSION

Rule 201(b), Federal Rules of Evidence, allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "public records within its files relating to the particular case before it or other related cases." *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991). Additionally, the Court may take judicial notice of documents filed in another court, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). Pursuant to Rule 201(c)(2), the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information."

Defendant's first motion asks the Court to take judicial notice of the docket and certain pleadings or orders in: (1) *The Florida Bar v. Gaffney,* Fla. S. Ct. Case no. SC21-938; (2) *Gaffney v. The Estate of John J. Gaffney*, Case No. 13-CA-9270 (Cir. Ct., 13th Judicial Circuit in and for Hillsborough County, Florida); (3) *In Re the Estate of John J. Gaffney*, Case No. 12-CP-221 (Cir. Ct., 13th Judicial Circuit in and for Hillsborough County, Florida, Probate Division); (4) *Gaffney v. Baumann*, Case No. 20-CA-2115

(Cir. Ct., 13th Judicial Circuit in and for Hillsborough County, Florida); (5) *Gaffney v. Brannock Humphreys & Berman P.A.,* Case No. 21-CA-3617; (6) *Baumann v. Gaffney*, Case No. 14-CA-3762); (7) *Gaffney v. Baumann*, (Case Nos. 2D20-842, 2D20-1713, 2D20-2809, 2D20-3082, 2D21-1) (Fla. 2d DCA). As to each of the listed cases, Defendant attaches to her motion a copy of the specified document. *See* Docs. 36-1 through 36-13.

Defendant's Second Motion for Judicial Notice asks the Court to take judicial notice of orders and/or docket entries in several additional cases in which Plaintiff Gaffney was a party. The cases include: (1) *The Florida Bar v. Gaffney*, Fla. S. Ct. Case No. SC21-938; (2) *Baumann v. Gaffney*, Case No. 14-CA-3762; (3) *Gaffney et al. v. Ficarotta et al.,* Case No. 8:21-cv-21-CEH-CPT (M.D. Fla); and (4) *In Re the Estate of John J. Gaffney*, Case No. 12-CP-221 (Cir. Ct., 13th Judicial Circuit in and for Hillsborough County, Florida, Probate Division). Again, Defendant attaches a copy of each order or docket entry that she asks the Court to judicially notice. *See* Docs. 52-1 through 52-8.

Defendant's motions indicate that Plaintiff Gaffney opposes the requested relief, but Gaffney failed to file a response in opposition to either motion. The accuracy of the documents from the respective lawsuits and Florida Bar proceeding do not appear to be in dispute, and in any event, the accuracy of the documents can be readily ascertained. As such, the motion is due to be granted to the extent that the Court will take judicial notice of the documents attached to the motion, not for the truth of the

matters asserted in the proceedings, but rather to establish the fact of such litigation, and the filings in the suits.

Accordingly, it is

**ORDERED**:

1. Defendant Rives' Amended Opposed Motion for Judicial Notice and Incorporated Memorandum of Law (Doc. 37) is **GRANTED**.

2. Defendant Rives' Opposed Second Motion for Judicial Notice Incorporated Memorandum of Law (Doc. 52) is **GRANTED**.

3. Defendant Rives' Opposed Motion for Judicial Notice (Doc. 36) is **DENIED AS MOOT** in light of the Amended Motion (Doc. 37).

**DONE** and **ORDERED** in Tampa, Florida on August 15, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

4