UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA M. GAFFNEY,

    Plaintiff,

v.                                        Case No: 8:22-cv-1613-CEH-SPF

MARIE T RIVES, JOSHUA E.
DOYLE, LINDSEY M GUINAND,
PATRICIA ANN SAVITZ and PETER
R. RAMSBERGER,

    Defendants.

_____

## ORDER

This matter comes before the Court on Plaintiff Teresa M. Gaffney's Motion for Reconsideration of this Court's September 15, 2023 Order (Doc. 101) granting Defendants' motions to dismiss and dismissing the claims against all of the defendants who had been served, with all but one defendant dismissed with prejudice. *Id.* at 24–25.

In her Motion for Reconsideration (Doc. 114), Plaintiff asks the Court to reconsider its order and grant her leave to amend the Complaint as to all Defendants, arguing that none were entitled to immunity, and that she has been unfairly treated in several other court proceedings and her Florida Bar disciplinary proceeding. *Id.* at 1–15. Defendant Rives responds in opposition, arguing that Plaintiff fails to raise any new issues or provide any viable reason for the Court to reconsider its prior order. Doc. 116 at 2–5. Defendants Guinand and Doyle respond as well, arguing that

Plaintiff offers no argument that would change the Court's determinations that Doyle was entitled to Eleventh Amendment immunity and that Guinand was entitled to absolute immunity. Doc. 117 at 1–2. They argue that Plaintiff's Motion does not provide any basis for the Court to reconsider or modify any other portion of its order either. *Id.* at 6–8. Having considered the submissions and being fully advised in their premises, the Court concludes that Plaintiff has failed to demonstrate sufficient grounds warranting reconsideration.

I. BACKGROUND

This action stems from a Florida Bar disciplinary proceeding against Plaintiff. Doc. 1 ¶¶ 69–78. Plaintiff brought two claims against a number of defendants: a civil rights conspiracy claim in violation of 42 U.S.C. § 1983 and a civil rights conspiracy claim in violation of 42 U.S.C. § 1983 based on equal protection.[1] Doc. 1 ¶¶ 79–96.

Defendant Rives moved to dismiss, as did Defendants Guinand and Doyle. Docs. 20, 21. The Court ultimately granted the motions. *See* Doc. 101. Plaintiff's claims against Defendant Doyle, Executive Director of the Florida Bar, were dismissed without prejudice for lack of subject-matter jurisdiction based on Eleventh Amendment Immunity. *Id.* at 12. The claims against Defendant Guinand, Chief Branch Discipline Counsel for Lawyer Regulation of the Florida Bar, were dismissed with prejudice based on absolute immunity. *Id.* at 13–14. The claims against Defendant Rives, an Assistant Attorney General for the State of Florida, were

---

[1] A more detailed rendition of the lengthy factual background of Plaintiff's claims can be found in this Court's order on the motions to dismiss. Doc. 101 at 2–6.

dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Id.* at 24. However, the Court allowed Plaintiff one final opportunity to amend her claims as to Rives. *Id.*

Finally, the order directed Plaintiff to show cause as to why several defendants had not been served within 90 days of the filing of the complaint, as required by the Federal Rules of Civil Procedure. *Id.* at 25. Plaintiff has not yet filed an amended complaint or a response to the order to show cause, but the Court granted her request for an extension of time to respond and set a deadline of November 27, 2023. Doc. 118.

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy." *Ludwig v. Liberty Mutual Fire Insur. Co.*, 8:03-cv-2378-EAK-MAP, 2005 WL 1053691, *3 (M.D. Fla. March 30, 2005). As a result, "[a] Court will not alter a prior decision absent a showing of clear and obvious error where the 'interests of justice' demand correction." *Prudential Sec., Inc. v. Emerson,* 919 F.Supp. 415, 417 (M.D. Fla. 1996), citing *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985).

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (citation omitted). Reconsideration of an order is usually justified by: (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or manifest injustice. *Id.* (quoting *True*

3

*v. Comm'r of the I.R.S.,* 108 F. Supp. 2d 1361, 1365 (M.D. Fla. 2000)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). "A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005)).

### III. DISCUSSION

Plaintiff first argues that "[t]here is an addition to the facts." Doc. 114 ¶ 1. Specifically, she states that a default judgment was lifted in a separate state court litigation, wherein two attorneys, now-deceased, have sued her father's estate. *Id.* However, this first argument is meritless because Plaintiff provides no explanation as to how a development in a state court litigation involving her father's estate would affect the analysis underlying the Court's order dismissing her claims in this matter.

Plaintiff next recounts, at length, events surrounding her father's estate, a property of his, and a Florida Bar Complaint against her that was at the center of her conspiracy claims. *Id.* ¶¶ 2–14. Then, just as she argued in opposition to the motions to dismiss, Gaffney asserts that none of the defendants in this case are entitled to immunity.[2] *Id.* ¶ 15. She asks that the Court reconsider the issue of immunity because

---

[2] As Defendants point out, she also refers to Defendant Miguel A. Olivella, Jr. who was dismissed as a party before the court issued its order on the motions to dismiss, after Plaintiff

"[c]ase law and the actions of the Defendants do not support immunity." Doc. 114 ¶ 20. As such, she requests leave to amend her complaint as to all Defendants. *Id.* at 6, 15.

Gaffney also argues that she was treated unjustly in numerous other lawsuits and her disbarment proceeding before the Florida Supreme Court. *Id.* ¶¶ 23–27. She cites various legal sources to argue that her homestead property was unlawfully taken from her. *Id.* ¶¶ 28–32. In addition, she cites caselaw on judicial immunity and qualified immunity before concluding, without citation to legal authority or to the Court's order, that Defendants in this case exceeded their jurisdictional authority, engaged in retaliatory conduct against her, and are not entitled to any immunity. *Id.* ¶¶ 32–48.

Plaintiff's arguments concerning homestead property have no bearing on this motion, or this case, which is based on an alleged conspiracy that resulted in a bar complaint against her. Doc. 1 ¶¶ 79–96. And all her arguments regarding immunity clearly mirror the positions she took in her opposition to the motions to dismiss. *See* Doc. 42 ¶¶ 1, 47, 63; Doc. 46 ¶¶ 18–19, 32. The Court has already rejected these arguments, and found instead that Defendant Doyle was entitled to Eleventh Amendment Immunity and that Guinand was entitled to absolute immunity. Doc. 101 at 24–25. As to Doyle, the Court found that:

> Gaffney sues Doyle in his official capacity as Executive Director of the Florida Bar. Doc. 1 ¶ 6. Because the Bar is an arm of the Florida Supreme

---

filed a notice of voluntary dismissal with prejudice in March 2023. Docs. 57, 58. Any new allegations related to Olivella are thus irrelevant to Plaintiff's motion.

5

> Court, Doyle is entitled to Eleventh Amendment immunity. Because the Court lacks subject matter jurisdiction over claims barred by the Eleventh Amendment, it has no power to render a judgment on the merits, and must dismiss such claims without prejudice. *Nichols v. Alabama State Bar,* 815 F.3d 726, 733 (11th Cir. 2016). Thus, Gaffney's claims against Doyle will be dismissed for lack of subject matter jurisdiction, and the Court will not consider their merits.

*Id.* at 12. As to Guinand, the Court found that:

> [T]he law extends absolute immunity to the Florida Bar and its disciplinary staff in relation to attorney disciplinary proceedings. The complaint seeks monetary damages arising from Guinand's role in the Florida Bar's investigation and disciplinary proceedings against Plaintiff. Doc. 1 ¶¶ 73–75. Plaintiff does not allege that Guinand acted outside her official capacity. Therefore, she is entitled to absolute immunity against Plaintiff's claims. *Kivisto v. Soifer,* No. 0:10-CV-61758-UU, 2011 WL 13186683, at *5–6 (S.D. Fla. Mar. 14, 2011), *aff'd,* 448 F. App'x 923 (11th Cir. 2011)). Because Plaintiff's claims against Guinand fall squarely within the bounds of absolute immunity, amendment of this claim would be futile, and the Court will dismiss it with prejudice.

*Id.* at 13–14.

Plaintiff's contention that the Court erred in rejecting her previous arguments does not establish the new evidence, clear error, or manifest injustice necessary for reconsideration of the Court's Order. Instead, the Court agrees with Defendants that Plaintiff is merely attempting to relitigate the issues already decided, which is impermissible in a motion for reconsideration. Doc. 116 at 4; *Wilchombe,* 555 F.3d at 957; *Turk v. Crytzer,* 8:18-cv-2490-CEH-TGW, 2021 WL 5506781, *2 (M.D. Fla. Nov. 24, 2021) (denying motion for reconsideration that was an attempt to relitigate the issues already decided). Additionally, the brunt of her remaining arguments are irrelevant and conclusory in that they are based on her qualms with other proceedings.

In sum, Plaintiff completely fails to provide the Court with information showing an intervening change in controlling law, the availability of new evidence, or a need to correct clear error or manifest injustice as related to any of the issues in the Court's underlying order. Therefore, as Plaintiff has not made a showing that the order was the product of clear and obvious error such that the interests of justice demand correction, *Prudential Sec., Inc.,* 919 F.Supp. at 417 (citation omitted), her motion for reconsideration must be denied.

Accordingly, it is **ORDERED:**

1. Plaintiff Teresa M. Gaffney's Motion for Reconsideration (Doc. 114) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 16, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties